UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUISIANA STATE ET AL                          CIVIL ACTION

VERSUS                                         NO: 07-5528

AAA INSURANCE ET AL                            SECTION: J(2)

## ORDER AND REASONS

Before the Court are multiple motions in a matter that has
been stayed pending the resolution of an interlocutory appeal.
The State of Louisiana, Plaintiff in this matter, filed a **Motion
to Remand (Rec. Doc. 80)** this case to State Court.  That motion
is set for hearing on October 14, 2009 and therefore, the merits
of that motion will not be addressed at this time.
Nevertheless, Plaintiff's Motion to Remand incited Defendants,
who comprise multiple insurance companies, to file a **Motion to
Enforce the Stay and Strike Plaintiff's Motion to Remand (Rec.
Doc. 86)**, which is now before this Court.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter, termed the "Road Home Litigation" was initiated
by Plaintiff in August 2007 when Plaintiff filed initial and
amended complaints in the Orleans Parish Civil District Court.
In its complaints, Plaintiff made claims against Defendants
seeking various forms of relief.  According to Plaintiff, certain
clients of Defendants assigned insurance proceeds to Plaintiff in

1

exchange for benefits those clients received from Road Home grants.  Plaintiff sought to have these assignments enforced.  Plaintiff also asserted claims against Defendants on behalf of a putative class of homeowners who had received, or may receive, Road Home grants.

In September of 2007, Defendants removed this case to federal court and the matter was eventually consolidated with In re Katrina Canal Breaches Consolidated Litigation ("Katrina Canal Breaches Litigation").  In response to the removal, Plaintiff filed a motion to remand, which was denied by Judge Duval.  No. Civ. A. 05-4182 (Rec. Doc. 9045).  Judge Duval held that the removal was proper and that the Court had jurisdiction under the Class Action Fairness Act ("CAFA").  Plaintiff appealed this decision.  The U.S. Fifth Circuit Court of Appeals affirmed Judge Duval's opinion and denied Plaintiff's request to remand the case to State court.  In re Katrina Canal Litigation Breaches, 524 F.3d 700 (5th Cir. 2008).

In November of 2008, Plaintiff filed a Motion to Sever its class allegations in the Road Home Litigation along with a Second Motion to Remand.  While these motions were pending, certain Defendants in the Master Complaint of the Katrina Canal Breaches Litigation filed a motion to strike class action allegations.  Although this motion did not target the class status in the Road Home Litigation, Plaintiff filed a stipulation stating that the

class action portion of the Road Home Litigation was substantially similar to the Master Complaint and therefore, Plaintiff agreed that its class status would be bound by whatever ruling Judge Duval issued on the class status in the Master Complaint.

Before the Court heard the Motion to Strike the Class Allegations in the Master Complaint, Judge Duval denied Plaintiff's Motion to Sever the class action claims and again asserted the Court's jurisdiction under CAFA.

Also during this period, Defendants filed a Motion to Dismiss based on their belief that "anti-assignment" clauses in their contracts prevented their clients from assigning the benefits of the insurance contracts to Plaintiff. On April 16, 2009, Judge Duval denied Defendants' motion to dismiss. Judge Duval then certified his ruling for interlocutory appeal and stayed the proceedings in this matter pending the outcome of the appeal. The Fifth Circuit has granted Defendants' appeal request and the appeal remains pending.

On June 16, 2009, Judge Duval issued an order severing the class action in the Master Complaint. This order, according to Plaintiff, effectively dismissed the class allegations in the Road Home Litigation because of the stipulation Plaintiff filed in which it agreed to be bound by that ruling. As a result, Plaintiff has filed a third Motion to Remand these proceedings to

State Court.  Defendants, however, claim that this Court does not have jurisdiction to hear the Motion to Remand because their Motion to Dismiss is currently pending on appeal.  Therefore, Defendants have filed a **Motion to Enforce the Stay and Strike Plaintiff's Motion to Remand**.  **(Rec. Doc. 86).**

## THE PARTIES' ARGUMENTS

The Court of Appeals has accepted an interlocutory appeal from Judge Duval's rulings denying Defendants' motion to dismiss Plaintiff's claims.  Therefore, according to Defendants, this Court would be directly interfering with the jurisdiction of the Court of Appeals if a decision were made to entertain Plaintiff's motion to remand while the interlocutory appeal is pending.

Contrarily, Plaintiff asserts that this Court has jurisdiction to consider the Motion to Remand because the motion is premised on the Court's lack of subject matter jurisdiction and on Louisiana's Eleventh Amendment immunity.  Plaintiff claims that because the remand motion involves questions of whether federal courts have the power to hear the case, the motion should take precedence over the pending interlocutory appeal.  Otherwise, according to Plaintiff, the Fifth Circuit would be rendering a decision on an issue in which the federal system lacks jurisdiction.

## DISCUSSION

The issue of whether a district court has the ability to

hear motions while a case is stayed pending appeal has been litigated in the Supreme Court of the United States, as well as the Fifth Circuit.  In <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982), the Supreme Court stated "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  However, there can be some overlap.  While an interlocutory appeal confers jurisdiction on the Court of Appeals, it only divests the district court of its control over those aspects of the case involved in the appeal.  <u>Id.</u>

Therefore, the law regarding this issue can simply be stated: When an interlocutory appeal is pending, a district court may not entertain matters relating to those aspects of the case on appeal.  <u>Taylor v. Sterrett</u>, 640 F.2d 663, 667-68 (5th Cir. 1981) (stating, "where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal"); <u>Coastal Corp. v. Texas Eastern Corp.</u>, 869 F.2d 817, 820-21 (5th Cir. 1989) (stating when one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case).

While this rule of law is simple, the interpretation of this rule is not.  There remains a question of how narrow, or broadly, a Court should interpret the rule when deciding what should be

considered the same "aspect" of a case.  The Fifth Circuit has
stated, "[h]ow broadly a court defines the aspects of the case on
appeal depends on the nature of the appeal."  <u>Alice L v. Dusek</u>,
492 F.3d 563, 565 (5th Cir. 2007).

In this case, the nature of the appeal involves an issue
that if granted, can dismiss all Plaintiff's claims on the
merits.  On interlocutory appeal, Defendants are seeking an order
stating that the anti-assignment clauses in their contracts
prevent Plaintiff from enforcing the provisions accompanying the
Road Home grants.  Although the issue of whether the anti-
assignment clauses are enforceable is technically different from
the issue of remand, if this Court, prior to the resolution of
the appeal, were to remand this case to State Court, the status
of this case would be altered tremendously and any decision by
the Court of Appeals would be moot.

Therefore, since "[a] district court does not have the power
to alter the status of [a] case as it rests before the Court of
Appeals[,]" <u>Dayton Independent School District v. U.S. Mineral
Products Company</u>, 906 F.2d 1059, 1063 (5th Cir. 1990), a decision
to entertain Plaintiff's motion to remand would be a decision to
act outside the jurisdiction of the Court.
Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Enforce the Stay
and Strike Plaintiff's Motion to Remand (Rec. Doc. 86)** is hereby

6

**GRANTED. IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 80)** is **DENIED** without prejudice, to be re-filed if necessary after resolution of the pending appeal. Therefore, Defendants' **Motion to Continue Hearing on Plaintiff's Motion to Remand Subrogated Claims to State Court (Rec. Doc. 88)** is hereby declared **MOOT** and the oral argument pertaining thereto is hereby **CANCELLED.**

New Orleans, Louisiana this 30th day of September 2009.


_____

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE